O’Connell, J.
The plaintiff herein is the administrator of the estate of Adolph Engelhardt, deceased, who was a resident of Hamilton county, Ohio. The decedent had been the keeper of a saloon or roadhouse, who had been arrested and his premises searched under and by virtue of certain affidavits, a warrant and seach warrant issued by the mayor of Home City, of this county. The plaintiff seeks to recover from the mayor, the defendant herein, the value of certain slot machines, to-wit, the sum of $245, which were found in the possession of Engelhardt and were taken under and by virtue of the search warrant and, after a trial by the mayor, were ordered destroyed. They were not destroyed, but have been withheld from the plaintiff by the defendant as being gambling devices. The plaintiff, as administrator, demanded possession of the slot machines, which demand being refused, he brought suit to recover their value.
The plaintiff also, for a second cause of action, seeks to recover the sum of $5.91 — the amount of money in the slot machines at *610 the time of the seizure. This money had been devoted by the mayor to the payment of court costs.
At the trial in this court the plaintiff offered in evidence the machines themselves, and also the record of the proceedings before the mayor, to-wit: his docket entries and copies of the original papers. This record shows that the mayor found at the hearing before him that the machines in question were gambling devices.
The evidence offered by the plaintiff at the trial in this court as to the manner of operating the machines, together with the mechanism and operation of the machines themselves as. they were exhibited and shown to the jury, shows that they are gambling devices.
The record of the proceedings before the mayor shows that his proceedings were regular' and lawful in every respect. Section 7120-4 of the Revised Statutes authorizes a magistrate to issue a search warrant for gambling devices. After he found from the evidence that they were gambling devices, the mayor had the right to order them destroyed, but did not do so. He appears to have followed the provisions of Section 7125, R. S., in that he “kept them in his possession until the accused be tried or the claimant’s right is otherwise ascertained.” Engelhardt, the owner, died, and no proceedings of any kind were had against him under the warrant of arrest.
Under the evidence adduced at the trial herein the plaintiff has no right of recovery against the mayor for either destroying or withholding possession of the slot machines in question. As the mayor had these chattels in his possession legally, his action in ordering them destroyed was lawful, if in his judgment the evidence justified such finding. And this is true, although the defendant did not appear for trial at the hearing, because the record shows that the mayor had acquired jurisidction of the person of Engelhardt, the owner, as well as having taken possession of the machines. The action before the mayor was not a proceeding by way of fine or imprisonment against Engelhardt, the owner. It was a proceeding under a search warrant against these instruments which were alleged to be used for gambling purposes. Evidence was heard concerning the operation of the *611 slot machines regardless of who claimed to be the owner. This was a proceeding well known to the law, it being a proceeding “in rem” or “against a thing” as distinguished from “against a person.”
The law does not throw its protecting arm about gambling devices and gambling instruments, nor does the law recognize any property rights existing in gambling devices for the use of such devices and instruments are subversive and destructive of the best interests of society. The plaintiff should have prosecuted proceedings in error were he dissatisfied with the proceedings before the mayor. He can not maintain his first cause of action in view of the facts disclosed by the mayor’s court records and the evidence produced in this court.
For his second cause of action the plaintiff seeks to recover the sum of $5.91 contained in the slot machines at the time of the seizure. The evidence offered by the plaintiff himself shows that this $5.91 had been applied by the mayor towards the payment of the costs of the proceedings before him. But the plaintiff contends that this action of the mayor was unlawful and he had no right to so appropriate the money.' However, other evidence which the plaintiff offered, to-wit, the transcript of the proceedings before the mayor, shows that the costs which had accrued in these proceedings before the mayor amounted to over $30. There was no abuse of discretion on the part of the mayor, such as to render him liable for the repayment of the money, in interpreting the statutes to permit him to apply this sum towards payment of the costs of the proceedings under the search warrant. The evidence before him disclosed that it was money won at gambling. Even if this action were erroneous the plaintiff has not shown that the error was prejudicial to him, because the lien for the court costs accruing in the case against the slot machines is far in excess of the amount of money which came into the mayor’s hands as contained in the gambling devices, to-wit: $5.91. It is only error which is prejudicial that gives ground for a reversal.
At the conclusion of the plaintiff’s evidence the court directed a verdict for the defendant. The plaintiff filed a motion for a new trial. This motion should be overruled.